**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Case Number: 3:18-cv-1371-J-20PDB

Carley Coburn,

        Plaintiff,

vs.

Atlantic Recovery Solutions, LLC,

        Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Carley Coburn, by undersigned counsel, states as follows:

### JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Carley Coburn ("Plaintiff"), is an adult individual residing in Jacksonville, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5. The Defendant, Atlantic Recovery Solutions, LLC ("Atlantic"), is a New York business entity with an address of 275 Northpointe, Suite 80, Amherst, New York, 14226, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in Fla. Stat. § 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Atlantic for collection, or Atlantic was employed by the Creditor to collect the Debt.

9. Atlantic attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Atlantic Engaged in Harassment and Abusive Tactics

10. Within the last year, Atlantic called Plaintiff in an attempt to collect the Debt.

11. On or about June 13, 2018, Atlantic left a voicemail message for Plaintiff and failed to state that the call was from a debt collector.

12. In the June 2018 voicemail message, the Atlantic collector misrepresented that she was a "senior associate" and was trying to verify Plaintiff's address for "delivery of a legally required notice" and to discuss "employment verification."

13. Plaintiff understood the message to indicate that a lawsuit was imminent and that Atlantic was going to try to garnish Plaintiff's wages.

14. To date, Atlantic has not filed legal action against Plaintiff.

15. In or around July 2018, Atlantic left another voicemail message for Plaintiff and failed to state that the call was from a debt collector.

16. In the July 2018 voicemail message, the Atlantic collector again misrepresented that she was a "senior associate" and requested a call back regarding an "extremely time sensitive matter" regarding a "scheduled employment verification."

17. Additionally, Atlantic left numerous voicemail messages for Plaintiff's mother and disclosed that the call was for Plaintiff in an attempt to collect a debt.

18. Plaintiff's mother is not responsible for repayment of Plaintiff's Debt.

19. The disclosure of Plaintiff's Debt to Plaintiff's mother caused Plaintiff a significant amount of embarrassment and humiliation.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference Paragraphs 1 through 21 of this Complaint as though fully stated herein.

23. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

24. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendants stated that Plaintiff owed a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

27. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that could not legally be taken or that was not intended to be taken.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

35. The Plaintiff incorporates by reference Paragraphs 1 through 21 of this Complaint as though fully stated herein.

36. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

37. The Defendant used a communication which simulated in any manner legal or judicial process or which gave the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(10).

38. The Defendant orally communicated with a debtor in such a manner as to give the false impression or appearance that such person was an attorney or was associated with an attorney, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(12).

39. The Defendant refused to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(15).

40. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla Stat.§ 559.77;

2. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 12, 2018

Respectfully submitted,

By   */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com